**In re A. DAN CHISHOLM,
INC., Debtor.**

**A. DAN CHISHOLM, INC., Plaintiff,**

**v.**

**B.P. OIL INC., GULF PRODUCTS
DIVISION, Defendant.**

**Bankruptcy No. 85–1260–Orl–BK–11.
Adv. No. 85–271.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Feb. 14, 1986.

Michael Williamson, Orlando, Fla., for debtor.

Jeffry R. Jontz, Orlando, Fla., for defendant.

## ORDER GRANTING DEBTOR'S MOTION FOR PRELIMINARY INJUNCTION AND ENJOINING DEFENDANT

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter came on for hearing on January 21, 1986, on the motion of debtor, A. Dan Chisholm, Inc., for a preliminary injunction enjoining defendant, B.P. Oil, Inc., Gulf Products Division, from taking any action to terminate its leased franchise pending trial of the issues on merits.

Debtor is in possession of and operates the Canoe Creek Service Plaza located on the Florida Turnpike in Kissimmee, Florida. The Service Plaza is a leased franchise which is owned by defendant, leased to Lloyd Dean Sloan, a former business partner of Dan Chisolm, and subleased to debtor. Defendant consented to the sublease but required Sloan to remain obligated for full performance under the original lease.

Debtor filed for relief under 11 U.S.C. Chapter 11 on September 4, 1985. During October 1985, defendant attempted to terminate the leased franchise by tendering notice of termination to Sloan pursuant to the Petroleum Marketing Practices Act, 15 U.S.C. § 2802(c). Defendant never sought relief from the automatic stay of 11 U.S.C. § 362 prior to tendering notice. Debtor instituted this adversary proceeding to resolve whether the notice of termination sent by defendant to Sloan was sufficient on its face under 15 U.S.C. § 2802(c), whether it is null and void for being sent in violation of the automatic stay and whether defendant has grounds to terminate the leased franchise.

In order to be entitled to a preliminary injunction, debtor must demonstrate that: (1) It has a substantial likelihood of success on the merits; (2) It would suffer irreparable injury if the injunction is not granted; (3) The threatened injury to debtor outweighs the harm of an injunction to defendant; and (4) A preliminary injunction would not disserve the public interest. *Camenisch v. University of Texas*, 616 F.2d 127 (5th Cir.1980). See also, *Varisco v. Oroweat Food Company*, 16 B.R. 634 (Bkrtcy., M.D.Fla.1981).

 The evidence before the Court shows that a genuine question of fact exists whether defendant has the right under the PMPA to unilaterally terminate the leased franchise. Only if notice is properly

sent in accordance with 15 U.S.C. § 2802(c) can defendant proceed to terminate the lease. Section 541 of the Bankruptcy Code brings into the estate of debtor "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). There is no question that debtor's interest in the lease and possessory interest in the Service Plaza became part of the bankruptcy estate as of September 4, 1985. The automatic stay of § 362 enjoins all entities from taking any action to "[o]btain possession of property of the estate or . . . to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). If defendant's attempt to terminate the leased franchise constituted an act to obtain possession of or to exercise control over the Service Plaza then this action violated the stay injunction. *See Rogue Valley Stations, Inc. v. Birk Oil Company, Inc.,* 568 F.Supp. 337 (D.Or. 1983); *In re Harrell Oil Co.,* 38 B.R. 280 (Bkrtcy., E.D.N.C.1984); *In re Joyner,* 46 B.R. 130 (Bkrtcy., M.D.Ga.1985). Any notice sent in violation of the automatic stay is void and without effect. *See Albany Partners, Ltd. v. Westbrook,* 749 F.2d 670 (11th Cir.1984). Based upon this evidence, the Court finds that debtor has met its burden of showing a substantial likelihood of success on the merits.

Debtor meets the last three criteria by showing that the leased franchise is essential to any plan of reorganization. Income from the Service Plaza represents debtor's principal source of cash flow upon which a plan could be funded. Without this income no reorganization would be possible and the business of debtor would have to be liquidated. No harm results to defendant by being precluded from terminating the leased franchise prior to trial of the issues on merits. Debtor will continue to operate the Service Plaza and remit rental proceeds to defendant. As debtor-in-possession, debtor stands in the shoes of a trustee and is obligated to account to the Court for all property received. *See* 11 U.S.C. §§ 1107, 1106 and 704(2). Although defendant may be entitled to adequate protection, debtor is not required to furnish defendant with se-

curity in the form of a bond prior to the Court's issuance of a preliminary injunction. Bankruptcy Rule 7065.

In light of the fact that preservation of the status quo is necessary, it is ORDERED:

1. Debtor's request for a preliminary injunction is granted.

2. Defendant, B.P. Oil, Inc., Gulf Products Division, is hereby enjoined from taking any action either directly or indirectly in an attempt to terminate the leased franchise between itself and Lloyd Dean Sloan until there is an ultimate determination on the merits of this controversy.