In re Robert KERNER, Debtor.

DEL CONTE CONTRACTING, INC., Plaintiff,

v.

Robert KERNER, Defendant.

Bankruptcy No. 88–03670–BKC–TCB.
Adv. No. 88–0570–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

March 20, 1989.

James A. Bond, P.A., Stuart, Fla., for plaintiff.

Rick M. Rogers, Jensen Beach, Fla., for defendant.

Douglass E. Wendel, Trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The plaintiff sub-contractor seeks exception from discharge for its $25,347 plus interest claim against the debtor/president of the general contractor for whom it constructed parking lots in 1987. The debtor has answered and the matter was tried on February 21.

For the reasons that follow, I now conclude that plaintiff is entitled to have its claim excepted from discharge.

### The Relevant Facts

Though there are sharp and direct conflicts in the testimony, both parties agree that on September 10, 1987 the debtor signed what, as I see it, amounts to an admission of the facts upon which this action is based. (Ex 4); Agreement attached as Exhibit B to a June 9, 1988 Joint Stipulation attached to the complaint. (CP 1).

In that Agreement, defendant acknowledges that as the president of the corporate general contractor, he employed plaintiff, that plaintiff's work was accepted, that he told plaintiff he needed plaintiff's signed release of lien to get paid and induced plaintiff to release its lien by representing:

"that he would come back this same afternoon, July 17, 1987 with a check to pay [plaintiff]".

Defendant also acknowledges that plaintiff relied upon that representation, and that defendant got paid by the bank for the work done by plaintiff but did not pay plaintiff.

In addition to admitting the foregoing facts, the debtor that day (September 10, 1987) also signed a 90–day note for $47,247 at 10% interest. The note was not paid.

Nine months later on June 9, 1988, after a State court had entered judgment upon the note ($51,654) against the debtor individually and against his corporation, the debtor stipulated (the Joint Stipulation referred to above) that he would pay that sum with 14% interest in 16 equal monthly installments beginning June 24, 1988. He secured that promise with a pledge of jewelry and cars worth $25,000 and promised to give a second mortgage on his home as additional security.

Some payments were made, but a balance of $25,347 remains owing with interest from August 19, 1988 at 14%.

The debtor now denies that he promised on July 17, 1987 to pay plaintiff immediately. He says he had underbid his contract, that he could only pay plaintiff from in-

come to be earned from other jobs, that plaintiff's agent Tony Del Conte agreed, but induced him to sign the September 1987 Agreement and note to placate Tony's uncle and father by "putting something on the books." [1]

The debtor's testimony, which is implausible and completely uncorroborated, is contradicted by Del Conte. I believe Del Conte and the debtor's September 1987 admission.

I also find that the debtor obtained the release of plaintiff's lien with an actual intent to defraud plaintiff by a deliberately false representation that he knew to be false when he made it.

### The Applicable Statute

The complaint contains no reference to any of the ten statutory grounds to except claims from discharge. 11 U.S.C. § 523(a). It alleges the foregoing facts in detail, then makes reference to Florida's Omnibus Theft Statute, *Fla.Stat.* § 812.035(1), and charges that the debtor's conduct "constitute[s] civil theft." (CP 1).

In response to the court's inquiry when the trial began, plaintiff stated it was proceeding under 11 U.S.C. § 523(a)(4):

"A discharge ... does not discharge an individual debtor from any debt— ... (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or *larceny.*" (Emphasis added).

By its post-trial argument, however, plaintiff invokes both § 523(a)(4) and (a)(2)(A). The latter excepts from discharge debts:

"(2) for money, *property*, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by (A) false pretenses, a *false representation*, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." (Emphasis added).

I reject plaintiff's contention under § 523(a)(4), but find that its proof entitles it to judgment under § 523(a)(2)(A).

The facts here come close to, but fail to prove embezzlement under *Fla.Stat.* § 713.34(2), a statute dealing specifically with a general contractor's diversion of construction funds and the resulting failure to pay subcontractors. *Compare In re Snellgrove*, 15 B.R. 149 (Bankr.S.D.Fla. 1981) where the statute is quoted and applied under § 523(a)(4).

An essential element of embezzlement under *Fla.Stat.* § 713.34(2) is defendant's use of the net construction funds:

"for any other purpose than to pay for labor or services performed on, or material furnished for, this specific improvement."

There is *no* proof as to what the debtor did with the construction funds.

The Omnibus Theft Statute may not be construed so as to include conduct which, though specifically targeted under another criminal statute, is not a crime under that statute. The strict construction of criminal laws is required by statute in Florida. *Fla.Stat.* § 775.021(1). [2]

Plaintiff's proof does, however, prove each required element under § 523(a)(2)(A). 3 *Collier on Bankruptcy* (15th Ed.1988), ¶ 523.08.

The initial focus on larceny and § 523(a)(4) by plaintiff has neither misled nor prejudiced the debtor, because in this case the evidence offered by plaintiff in its effort to prove § 523(a)(4), proved § 523(a)(2)(A). Plaintiff is entitled to the relief appropriate to its proof, regardless of the theory or statute it pled. Rule 54(c), Fed.R.Civ.P., made applicable here by B.R. 7054; *United States v. Hougham*, 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960) (judgment granted under different section of Surplus Property Act than originally pled).

---

1. I am not impressed by a defense that plaintiff's agent was not deceived by the defendant because the agent and the debtor were conspiring to defraud plaintiff. Since, however, I do not believe the debtor's testimony, we do not need to consider its effect.

2. "The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused."

*Conclusion*

As is required by B.R. 9021(a), a separate judgment will be entered excepting from discharge plaintiff's May 13, 1988 judgment claim as modified with respect to the amount of interest by the June 9, 1988 joint stipulation. As of this date plaintiff's claim totals $25,347 with interest at 14% from August 19, 1988.

DONE and ORDERED.