In re Sarah R. PISANO, Debtor.

AMERICAN COMMERCIAL CAPITAL CORP., (former) Plaintiff, and Daniel L. Bakst, Trustee, (substituted) Plaintiff,

v.

Sarah R. PISANO, Defendant.

Bankruptcy No. 89–00683–BKC–TCB.

Adv. No. 89–0241–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Aug. 18, 1989.

Gary J. Rotella, Ft. Lauderdale, Fla., for plaintiff.

Philip M. Berman, Pompano Beach, Fla., for debtor.

Ellen Walker, New York City, Daniel L. Bakst, Trustee, West Palm Beach, Fla., for voluntarily dismissed plaintiff.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The original plaintiff creditor voluntarily dismissed its objection to the debtor's discharge. (CP 9). The trustee was substituted as plaintiff as to all allegations of the complaint. (B.R. 7041). The matter was tried on July 25. I now conclude that discharge must be denied under 11 U.S.C. § 727(a)(5).

The complaint is a mass of allegations not divided into separate counts. The allegations under § 727(a)(2)(A), fraudulent transfer or concealment of property, § 727(a)(3), failure to preserve adequate financial records, and § 727(a)(4), false oaths in connection with the case, do not require extended discussion. The record contains a lengthy interrogation of the debtor. (Ex. 1). The allegations are not sustained by this record.

Defendant is a 71–year old widow. Her education and employment as a bookkeeper provided her at least a minimal background to be capable of maintaining records and providing accurate information on her bankruptcy schedules. However, it is uncontroverted that she completely deferred to her husband in managing their financial affairs. The husband died six months before the wife filed her bankruptcy petition.

### § 727(a)(2)(A) and (a)(4)

The complaint reflects a combing of every thread in this case, including the insignificant detail of the debtor's failure to list her nickname, known only to her friends. There are eight factual allegations under § 727(a)(2)(A) and not one gives

the elements of an actual fraudulent transfer.

I find that the alleged omissions and false statements relied upon by the trustee to support the allegations under § 727(a)(2)(A) and (a)(4) were not deliberate and not intended to secrete assets from creditors. For example, the debtor wore a necklace worth $350 when she attended a B.R. 2004 Examination, an asset which she is accused of concealing because it was not listed on her schedules.

The omissions of detailed information under these circumstances reflect the debtor's failure of recall or inadvertence, not an intentional or fraudulent act. Her total dependence on her husband resulted in her being oblivious to significant details of their financial affairs. Inadvertence and carelessness characterize this debtor's faulty responses to the questions on the schedules.

Plaintiff has not met its burden under § 727(a)(2)(A) of proving an actual fraudulent intent on the part of the debtor. Under § 727(a)(4) plaintiff has the burden of proving that the debtor knowingly and fraudulently made a false oath. It has failed to do so. *See Matter of Raiford,* 695 F.2d 521, 522 (11th Cir.1983).

### § 727(a)(3)

▮ The debtor has no financial records to speak of. It is the debtor's burden to show that her failure to preserve records was justified under all of the circumstances of the case.

▮ The debtor and her husband had some records shipped in a carton which was lost by a moving company when the couple moved from New York to Florida in July 1988. She filed a claim for the lost carton. (Ex. 2). Her failure to maintain records after her husband's death follows from the pattern of behavior discussed above, and is credible under these circumstances. The debtor's uncontroverted testimony adequately explains the complete absence of financial records.

### § 727(a)(5)

▮ The plaintiff's only theory to deny discharge which has merit here is under § 727(a)(5). Discharge is opposed on the ground that the debtor failed to explain satisfactorily her loss of assets, specifically (a) a 55–foot motor yacht and (b) $91,950 worth of art, furniture and antiques listed in a 1983 appraisal. The debtor's bankruptcy schedules, dated February 9, 1989, list assets of $820.

Plaintiff has the burden of proof. B.R. 4005. The trustee's burden of persuasion does not obviate the necessity that the debtor provide a satisfactory explanation of the loss of assets. *In re Chalik,* 748 F.2d 616, 619 (11th Cir.1984).

The debtor's answer with respect to the yacht is that it burned completely in a fire in May 1987 while docked at a boat yard in New York. Insurance proceeds were paid to the first lienor. The debtor has explained the loss of this asset. There is no evidence that the explanation has proved untruthful.

However, the debtor's answers with respect to the valuable possessions contained in her New York apartment leaves much to be desired. She has explained that over a period of time her husband took the objects out of their apartment. The debtor claims not to know whether the objects of art, silverware and antiques were sold or given away. (Ex. 1 at 69). This disappearance of a majority of the debtor's possessions was, according to her testimony, never questioned by her. She claims to know *nothing.*

The content of the debtor's testimony does not convince me that a satisfactory explanation has been provided (Ex 1 at 65–67):

"Q  Do you still have in your possession any of the property that's listed in this appraisal?

A  No.

.    .    .    .    .

A  Nothing.

Q  What happened to it?

A  My husband sold a little bit at a time.

.    .    .    .    .

A  I don't know anything that happened to those things. My husband took care of them. He did what he had to do with them, and I don't know where they are and I don't know what he did with them, and I don't know who he sold them to. I would appreciate it if you would not go through every item.

    .     .     .     .     .

A  I know that he got rid of them. That's all I do know."

The erosion of assets of this magnitude with an evasive explanation based on such overwhelming ignorance is simply not credible. This debtor is not an unsophisticated individual who could be so blind to such a complete dismantling of her possessions or not have asked for an explanation from her husband. I do not find the excuse and explanation plausible or sufficient.

█ This "explanation" or lack of explanation does not meet the standard enunciated in *In re Chalik*, at 619. A debtor is required to offer more than undocumented, unsupported, vague generalities. To be satisfactory, an explanation must convince the court of the debtor's good faith and businesslike conduct. *Id.* *See also* 4 *Collier on Bankruptcy* ¶ 727.08 n. 9 (15th Ed. 1989). As stated in *In re Bernstein*, 78 B.R. 619, 623–4 (S.D.Fla.1987):

> "[t]he standard by which explanation is measured is one of reasonableness or credibility ...one that does not arouse suspicion that the facts are other than those presented by the debtor.

>     .     .     .     .     .

> "If the debtor's explanation is not credible, then a rebuttable presumption of an intent to conceal assets or otherwise defeat creditors is prima facie established."

I find that the debtor has failed to explain the loss of the assets in question. I reject her explanation and excuse and conclude that she has forfeited her right to discharge under § 727(a)(5). Plaintiff has established its ground for denial of discharge under § 727(a)(5).

As is required by B.R. 9021, a separate judgment will be entered denying the debtor's discharge. Costs may be taxed on motion.

DONE and ORDERED.