**In re Leonard HAIMES, Debtor.**

**UNITED STATES of America, Appellant,**

v.

**Leonard HAIMES, Appellee.**

**No. 91–2845–CIV.**

United States District Court,
S.D. Florida.

Oct. 19, 1992.

Shirley D. Peterson, Asst. Atty. Gen., Steve Shapiro, Ann Reid, Mark Steir, U.S. Dept. of Justice, Tax Div., Washington, D.C., for U.S.

Jay J. Reynolds, Boca Raton, Fla., for Haimes.

## MEMORANDUM OPINION

HIGHSMITH, District Judge.

THIS MATTER is before the Court on appeal from the following two orders of the United States Bankruptcy Court, Southern District of Florida:

(1) Order Granting Defendant's Motion for Directed Verdict and Final Judgment, entered July 31, 1991; and

(2) Order Denying Plaintiff's Motion to Alter or Amend Judgment and to Amend Complaint, entered October 3, 1991.

This Court has appellate jurisdiction, pursuant to 28 U.S.C. § 158.

The Court finds that the Bankruptcy Court erred in granting a directed verdict and final judgment of discharge in favor of Defendant/Appellee Leonard Haimes at the close of the plaintiff's case in chief. The Court also finds that the Bankruptcy Court erred in denying Plaintiff/Appellant United States' motion to amend the complaint. Therefore, the Court VACATES the Bankruptcy Court's final judgment and REMANDS for further proceedings in accordance with this opinion. In light of this determination, the Court finds that it need not reach the Bankruptcy Court's denial of the motion to alter or amend judgment.

## STANDARD OF REVIEW

*Fed.R.Bankr.P.* 8013 provides:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

A decision whether to grant or deny a discharge is reviewable for abuse of discretion. *In re Oesterle*, 651 F.2d 401, 402 (5th Cir. Unit B 1981), *cert. denied*, 456 U.S. 989, 102 S.Ct. 2268, 73 L.Ed.2d 1283 (1982). Likewise, the granting or denial of a motion to amend pleadings under *Fed.R.Civ.P.* 15(b), which applies to Bankruptcy adversary proceedings pursuant to *Fed. R.Bankr.P.* 7015, is subject to reversal for abuse of discretion. *Hall v. National Sup-*

*ply Co.,* 270 F.2d 379, 383 (5th Cir.1959). *Fed.R.Civ.P.* 15(b) provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

## PROCEDURAL BACKGROUND

On December 21, 1990, Appellee Leonard Haimes filed a petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. (R. 1, at 1.) The first meeting of creditors was scheduled for January 28, 1991. (R. 1, at 2.)

On or about March 29, 1991, one such creditor, Plaintiff/Appellant United States, commenced this adversary proceeding to object to Haimes' discharge, pursuant to 11 U.S.C. § 727. (R. 1) The United States claimed that Haimes had an outstanding federal income tax liability, including penalties, in excess of $400,000. (R. 1, at 2.) As grounds for denial of discharge, the United States asserted that Haimes had made a false oath or account in his bankruptcy filings, thereby undervaluing his assets, understating his income for 1988 and 1989,

and understating his gross and take-home pay, pursuant to 11 U.S.C. § 727(a)(4). (R. 1, at 2–3.) As additional grounds for denial of discharge, the United States also alleged that Haimes had failed to explain satisfactorily the loss of over $25,040.00, pursuant to 11 U.S.C. § 727(a)(5). (R. 1, at 3.)[1]

Section 727(a)(4) provides, in pertinent part:

> The court shall grant the debtor a discharge, unless
>
> . . . . .
>
> the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

11 U.S.C.A. § 727(a)(4) (West 1979). Section 727(a)(5) provides, in pertinent part:

> The court shall grant the debtor a discharge, unless
>
> . . . . .
>
> the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

11 U.S.C.A. § 727(a)(5) (West 1979).

A trial of the matter was held on June 25 and 26, 1991, before the Honorable James Mixon. At trial, the evidence showed that Haimes, a medical doctor, operated his practice through Metabolic Health Systems, Inc., a subchapter S corporation. Haimes' wife owned a separate corporation, Isotherapy Laboratories, Inc. In April 1988, Metabolic entered into a contract with Isotherapy for the provision of practice management services. However, the parties did not commence performance under the contract until September 1989. At that time, Metabolic began paying Isotherapy a $600 weekly fee plus 25% of Metabolic's proceeds from the sale of vitamin supplements to Haimes' patients. In that same month, Isotherapy entered into a lease agreement with Metabolic whereby Isotherapy provided an ozone generator to

---

**1.** Although the complaint only asserted section 727 generally, at a hearing on Haimes' motion to dismiss, counsel for the United States made a clarification on the record to the effect that the United States was proceeding under subsections (a)(4) and (a)(5) of section 727. (R. 13, at 8.) Finding that the complaint stated a cause of action under both subsections, the Court denied the motion to dismiss. *Id.*

Metabolic in exchange for 60% of the gross receipts derived from the use of the machine. The United States contended that, through these contracts, Haimes had diverted large sums of money to his wife, thereby preventing the use of these monies to pay Haimes' federal tax liabilities. (Amended Pretrial Stipulation, R. 4, at 5–6.) In particular, the United States challenged the $25,040 transferred over the first five-months of 1990. *Id.* at 5.

At the close of the plaintiff's case, the Bankruptcy Court granted Haimes' motion for a directed verdict, finding that the United States had not made out a case for denial of discharge under 11 U.S.C. § 727(a). As to the § 727(a)(4) grounds, the Bankruptcy Court found that the United States had not made out a case in support of the false oath allegations. (R. 16, at 199–206.)[2] As to the § 727(a)(5) grounds, the Bankruptcy Court found "satisfactory" Haimes' explanation that his subchapter S Corporation, Metabolic, had paid the "lost" $25,040 to his wife's corporation, Isotherapy, for various services rendered by Isotherapy. *Id.* at 201–03.

The Court, however, expressed serious misgivings in making the latter ruling, stating, "I am not at all impressed with the legitimacy of all this hocus-pocus and mirrors and things that the debtor has set up in his medical practice. I think there is all kinds of inferences of fraud that I could draw from this and it is very obvious that these are contrivances designed to conceal and disguise the true nature of transactions." (R. 16, at 198–99). Nevertheless, the Court concluded, "Here [Haimes] has given [the $25,000] to Isotherapy Laboratories pursuant to these admittedly convoluted contracts with his wife, which don't appear to have much economic substance and probably I could draw an inference for fraudulent conveyance as to his wife, yet he has explained it in detail and so I cannot use this section." (R. 16, at 202–03).)

In light of the Court's remarks, the United States moved to alter or amend judg-

ment and to amend the complaint to conform to the evidence. (R. 10). In its proposed amendment to the complaint, the United States sought to allege that Haimes' tax liabilities were excepted from discharge, pursuant to 11 U.S.C. § 523(a)(1)(C), which provides:

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt for a tax or a customs duty

.      .      .      .      .

> with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

11 U.S.C.A. § 523(a)(1)(C) (West 1979 & Supp. Pamphlet 1992).

Despite the concerns it had expressed at trial, the Bankruptcy Court denied the United States' motion to alter or amend judgment. (R. 17, at 18.) The Bankruptcy Court also denied the motion to amend the complaint as untimely because the United States had not sought the exception from discharge within the sixty-day period following the date set for the first meeting of creditors. *Id.* at 15–18.

## DISCUSSION

### 1. The final judgment of discharge:

■ At the close of the United States' case in chief, the Bankruptcy Court found "satisfactory" Haimes' explanation that his subchapter S Corporation, Metabolic, had paid the "lost" $25,040 to his wife's corporation, Isotherapy, for various services rendered by Isotherapy. Accordingly, the Bankruptcy Court granted Haimes' motion for directed verdict and issued a final judgment of discharge.

"The question of whether a debtor satisfactorily explains a loss of assets is a question of fact." *In re Chalik*, 748 F.2d 616, 619 (11th Cir.1984) (per curiam) (citing *Shapiro & Ornish v. Holliday*, 37 F.2d 407, 407 (5th Cir.1930)). Therefore, this Court must accept the Bankruptcy Court's find-

---

**2.** The United States is not appealing this portion of the Bankruptcy Court's ruling. (Appellant's Br., at 13 n. 2.)

ing of satisfactory explanation unless it is clearly erroneous. *Id.* "[A] satisfactory explanation in this regard is, for the most part, one which is credible or believable—one that does not arouse suspicion that the facts are other than those presented by the debtor." *In re Bernstein*, 78 B.R. 619, 623 (S.D.Fla.1987). After hearing the explanation, the judge is "satisfied. He no longer wonders. He is content." *Id.* (citing *In re Shapiro & Ornish*, 37 F.2d 403 (N.D.Tex. 1929), *aff'd sub nom, Shapiro & Ornish v. Holliday*, 37 F.2d 407 (5th Cir.1930)).

Judge Mixon found that Haimes' explanation as to where the money went—from Metabolic to Isotherapy—was "satisfactory" under section 727(a)(5). Judge Mixon's additional comments, however, indicate that he was anything but "satisfied, no longer wondering, or content" with Haimes' explanation. Indeed, Judge Mixon found that the circumstances surrounding the transfer of the monies from Metabolic to Isotherapy were sufficient to support an inference of fraud. Therefore, Haimes' explanation that he had paid the monies pursuant to a bona fide business contract was neither credible nor reasonable. *In re Bernstein*, 78 B.R. at 623 ("Standard by which explanation is measured is one of reasonableness or credibility.") (citing *In re Cohen*, 47 B.R. 871 (Bankr.S.D.Fla.1985)). *See also In re Pisano*, 105 B.R. 125, 128 (Bankr.S.D.Fla.1989) ("To be satisfactory, an explanation must convince the court of the debtor's good faith and businesslike conduct.") Accordingly, Judge Mixon's finding that Haimes's explanation was satisfactory was contrary to the evidence, hence clearly erroneous.

■ Even assuming that Haimes' explanation was credible in the wooden sense that he truthfully stated where the money went—from Metabolic to Isotherapy—Judge Mixon's inquiry should not have ended there. A discharge could be denied under section 727(a)(5) if "the explanation reveals conduct which is otherwise prohibited by Section 727." *In re Bernstein*, 78 B.R. at 624. Judge Mixon found that, after looking at all the evidence, he could draw an inference that Haimes had fraudulently

conveyed to his wife the $25,040 paid by Metabolic to Isotherapy. Because the monies were transferred during the first five months of 1990, within one year of Haimes' filing for bankruptcy in December 1990, such conduct potentially falls under subsection 727(a)(2)(A), which provides:

> The court shall grant the debtor a discharge, unless
>
> .      .      .      .      .
>
> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C.A. § 727(a)(2)(A) (West 1979).

The Court finds, therefore, that the Bankruptcy Court abused its discretion by disregarding the inference of fraudulent conveyance and granting Haimes a discharge. *In re Kerner*, 99 B.R. 484, 486 (Bankr.S.D.Fla.1989) ("Plaintiff is entitled to the relief appropriate to its proof, regardless of the theory or statute it pled.") (citing *Fed.R.Civ.P.* 54(c), applicable to Bankruptcy proceedings pursuant to *Fed. Bankr.R.P.* 7054; and *United States v. Hougham*, 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960)).

*2. The denial of the motion to amend:*

■ The Bankruptcy Court also denied the United States' motion to amend the complaint to seek an exception for discharge under 11 U.S.C. § 523(a)(1)(C) as untimely because the United States had not done so within the sixty-day period following date set for the first meeting of creditors. Haimes concedes that the sixty-day limitation does not apply to actions for exception from discharge of a tax obligation. (Appellee's Br., at 12.) Therefore, the Bankruptcy Court abused its discretion in denying the United States' motion to amend on the grounds that it was time-barred.

■ Moreover, in reviewing the record, the Court notes that the United States

raised the issue of tax evasion, the grounds for relief under section 523(a)(1)(C), in a joint pre-trial pleading. (Amended Pretrial Stipulation, R. 4, at 5–6) (Leonard Haimes' "testimony, supplemented by documentary evidence, will demonstrate that he has diverted large sums of money to his wife, Samantha Haimes, to prevent the use of said sums to pay his tax liabilities.") Had the Bankruptcy Court considered the merits of the United States' motion, it could have found that inclusion of this issue in the pretrial stipulation effectively amended the pleadings. *In re Perez*, 954 F.2d 1026, 1028 (5th Cir.1992) (finding that incorporation of an issue in the pre-trial order amends the previous pleadings to state a claim). At a minimum, the Court could have found that, by signing the pretrial stipulation, Haimes had consented to trial of the tax evasion, thereby satisfying the criteria of *Fed.R.Civ.P.* 15(b).

## CONCLUSION

The Bankruptcy Court's final judgment of discharge in favor of Leonard Haimes and the Bankruptcy Court's order denying the United States' motion to amend the complaint are VACATED. This cause is REMANDED to the Bankruptcy Court for further proceedings in accordance with this opinion.