**In re Kenneth R. MACKS, Debtor.**

**Kenneth R. MACKS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 92–5184–BKC–3P7.**
**Adv. No. 93–393.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 12, 1994.

A.B. Phillips, Washington, DC, for defendant.

Robert Aguilar, Orange Park, FL, for debtor/plaintiff.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

THIS ADVERSARY PROCEEDING is before the Court on Complaint seeking a determination of the dischargeability of certain federal income tax obligations. The answer alleges that 11 U.S.C. § 523(a)(1)(C) excepts the liabilities from discharge. The defendant has moved for summary judgment.

The plaintiff responded to the Motion and the Court held a hearing on March 9, 1994. The Court finds that there is no issue of material fact and will grant defendant's Motion for Summary Judgment.

## I. FACTS

The Court finds these facts: (1) on March 11, 1992, prior to the debtor filing this petition, the defendant commenced an action in the Jacksonville Division of the United States District Court, in the case *Harvey Macks v. Frances Y. Clinton and United States, et al.,* Case No. 91–1069–CIV–J–20. This action sought to have the District Court find

(1) that the debtor is indebted to the United States in the sum of $254,696.94, plus interest and statutory additions as provided by law,

(2) that ... **transfers of the certain real property were fraudulent** and should be declared null, void and of no effect as to the rights of the United States.

On September 11, 1992, the debtor filed a petition pursuant to Chapter 7 of the Bankruptcy Code. On December 28, 1992, he was granted a discharge.

On September 10, 1993, a trial in the district court case was held on the fraudulent conveyance issue. Thereafter, on September 24, 1993, the debtor moved to reopen his bankruptcy case, and on October 4, 1993, the Court entered an order reopening the case. On October 18, 1993, the plaintiff filed this complaint to determine the dischargeability of his tax liabilities.

On November 18, 1993, the District Court entered its Opinion and Judgment, holding that the transfers by the debtor were fraudulent and are null and void. The Opinion and Judgment are attached to defendant's Motion for Summary Judgment as Exhibit A.[1]

## II. CONCLUSIONS OF LAW

### A. Standard of Review of Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure (incorporated by Rule 7056, Federal Rules of Bankruptcy Procedure) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

---

1. At the hearing, the plaintiff presented his affidavit of the value of the property at the time of the fraudulent conveyance. The defendant represented that it had not then received the affidavit. After providing the defendant an opportunity to review the affidavit at the hearing, the Court finds that it does not dispute material facts.

judgment as a matter of law." This standard has been interpreted by the Supreme Court to mean: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The facts in dispute must be *critical* to the outcome of the case and the dispute must be *"genuine,"* such that the evidence could support a verdict in favor of the non-moving party. *Id.* at 248, 106 S.Ct. at 2510; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The function of a motion for summary judgment is to focus the analysis of the matters at issue to determine if any genuine dispute as to any material fact exists and, if there is no dispute, to conserve judicial time and energy by avoiding unnecessary trial and providing speedy and efficient summary disposition. *Bland v. Norfolk & Southern R. Co.,* 406 F.2d 863 (4th Cir.1969). Summary judgment is properly regarded not as a disfavored procedural shortcut but, rather, as an integral part of the federal rules as a whole, which are designed to secure a just, speedy, and inexpensive determination of every action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party moving for summary judgment has the burden of demonstrating that no genuine issue as to any material fact exists, and that it is entitled to judgment as a matter of law. *Celotex Corp., supra,* 477 U.S. at 323, 106 S.Ct. at 2552; *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Gulfstream Land and Development v. Commissioner,* 71 T.C. 587, 596, 1979 WL 3690 (1979). Further, the facts relied upon by the moving party must be viewed in the light most favorable to the non-moving party so that any doubt as to the existence of a genuine issue of material fact will be resolved in favor of denying the motion. *Adickes v. S.H. Kress & Co., supra; United States v. Diebold Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

In opposing a Motion for Summary Judgment, the other party may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the other party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp., supra,* at 324, 106 S.Ct. at 2553.

Nevertheless, the motion must be granted if the Court is satisfied that no real factual controversy is present, so that the remedy can serve "its salutary purpose in avoiding a useless, expensive and time consuming trial where there is no genuine, material fact issue to be tried." *Lyons v. Board of Education,* 523 F.2d 340 (8th Cir.1975).

The standard for ruling on summary judgment motions "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). This Court, after applying this law and considering the facts in the pleadings and the attached exhibit, conclude that there is no genuine issue of material fact in this proceeding and that the United States is entitled to judgment as a matter of law.

**B. Statutory Analysis of the Instant Adversary Proceeding**

■ In this proceeding, the plaintiff seeks a determination that certain of his federal tax obligations are dischargeable. It is axiomatic that a discharge granted by a bankruptcy court "... discharges the debtor from all debts that arose before the date of the Order for relief...." 11 U.S.C. § 727(b). However, the exception language that appears in the first clause of § 727(b) controls the instant facts. Specifically, the preamble to the above-cited passages states: *"[e]xcept* as provided in section 523,...." The terms of § 523 may operate to deny a complete discharge to the debtor.

Section 523(a)(1)(C) provides, in pertinent part, that:

> A discharge under § 727, ... of this title does not discharge an individual debtor from any debt—
>
> (1) for a tax or customs duty—
>
> .     .     .     .     .
>
> (c) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

This standard has been interpreted to mean that, if the debtor fraudulently transfers property prior to the filing of his bankruptcy petition, § 523(a)(1)(C) operates to deny that debtor a discharge of the debt in controversy.[2] This Court agrees with the conclusion reached in *In re Jones*, 116 B.R. 810 (Bankr. D.Kan.1990), wherein the court held, as a preliminary matter that "the modifying phrase 'in any manner' [was] sufficiently broad to include willful attempts to evade taxes by concealing assets to protect them from execution or attachment as [the] debtor[ ] did." The *Jones* court went on to hold that "the government's claim for taxes ... nondischargeable because of debtors' efforts to evade the taxes by placing title to their ... property in the names of others." *Id.* at 815. That is, the debtor's fraudulently conveyed their property to protect them from execution or attachment. Such action, as is clearly the case here, falls squarely within the ambit of § 523(a)(1)(C).[3] *Accord In re Haimes*, 146 B.R. 298 (Bankr.S.D.Fla.1992) (reversing a bankruptcy court grant of a discharge in the face of evidence of fraudulent conveyances); *In re Sumpter*, 136 B.R. 690 (Bankr.E.D.Mich.1991); *In re Fridrich*, 156 B.R. 41 (Bankr.D.Neb.1993) (holding that exception from discharge for taxes that debtor attempts in any manner to evade or defeat included attempts by debtor to evade IRS payment or collection efforts).

**2.** The Court finds the case cited by the plaintiff in support of his position, *In re Gathwright*, 102 B.R. 211 (Bankr.D.Or.1989) unpersuasive. The clear statutory language, "in any manner," is sufficiently broad to encompass the fraudulent conveyances by the plaintiff in this matter.

## C.  Application of the Facts to Law

██  Here, the United States District Court for the Middle District of Florida has determined fully and finally that the plaintiff/debtor fraudulently conveyed certain of his real property fraudulently to defeat the collection of his tax liability. Under the principle of res judicata, this determination is binding on the parties and the Court.

██  The doctrine of res judicata insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits. *McClain v. Apodaca*, 793 F.2d 1031, 1032–1033 (9th Cir.1986). The Supreme Court has stated that res judicata consists of two preclusion concepts: issue preclusion and claim preclusion. *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). Under the claim preclusion doctrine (or res judicata), a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. In *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948), the Supreme Court explained this doctrine as follows (333 U.S. at 597, 68 S.Ct. at 719):

> The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." [Citation omitted.] The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

Thus, once a final judgment has been entered by a court of competent jurisdiction, such judgment is res judicata and acts as an abso-

**3.** The District Court decision at issue here has become final by operation of law.

lute bar to subsequent litigation. It is conclusive not only as to all matters which were decided, but also as to all matters which might have been decided.

Where, as here, a court of competent jurisdiction has ruled and the ruling has become final, the finality of this determination must be protected. The plaintiff is precluded from relitigating the fraudulent conveyance issue as the issue has been fully and finally decided by the District Court. The plaintiff's fraudulent conduct having been determined and the Court having concluded that § 523(a)(1)(C) is sufficiently broad to encompass this matter, the defendant's Motion for Summary Judgment will be granted. A separate judgment will issue.

### JUDGMENT

Upon the Memorandum Opinion separately entered, it is ORDERED:

1. The motion for summary judgment of the United States of America is granted.

2. Pursuant to 11 U.S.C. § 523(A)(1)(C) the tax debt of plaintiff, Kenneth R. Macks, for the years 1978, 1979, 1981, 1982, 1983 and 1984 is not discharged.