**In re Donald TAYLOR, Debtor.**

**Donald TAYLOR, Plaintiff,**

v.

**Charles W. GRANT, Trustee, Defendant.**

**Bankruptcy No. 93–3046–BKC–3P7. Adv. No. 95–353.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

May 28, 1996.

Ronald Bergwerk, Jacksonville, Florida, for Defendant.

Ronald Cutler, Miami, Florida, for Plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon defendant's motion to dismiss and motion for summary judgment. After a hearing on March 19, 1996, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Harry A. Taylor (Taylor), a long-time resident of New York, died on September 30, 1978. His will, dated May 17, 1978, was admitted to probate in Suffolk County, New York on October 16, 1978. (Plaintiff Brief at. 1–2).

2. Pursuant to Article *THIRD* of the will, Taylor directed that one-half of all stocks and bonds owned by him at the time of his death be distributed to his trustee, to be held in trust for the benefit of his son, Donald Taylor (plaintiff).

3. The will directed the trustee to make distributions of trust income to the plaintiff in "convenient installments." (File Doc. 11). The will further provided that the trustee could utilize the principal of the trust to preserve the health or welfare of the plaintiff. (File Doc. 11).

4. Jean Taylor, testator's daughter and plaintiff's sister, was appointed original trustee of the trust on October 16, 1978. By order of the Surrogate's Court of Suffolk County, New York, dated February 25, 1993, Percy Ingerman was appointed as successor trustee and served in that capacity until his

death on August 17, 1994. (Plaintiff Brief at 2–3).

5. On March 23, 1993, plaintiff entered into an agreement under which he agreed to pay monies owed by him to the estate of his incapacitated sister. Pursuant to the agreement, plaintiff agreed not to receive future income from the Taylor trust. (Plaintiff Brief at 3).

6. Plaintiff filed his petition for relief under Chapter 7 of the Bankruptcy Code on July 1, 1993. Plaintiff has received no distribution from the trust since August 1993.

7. On November 2, 1993, defendant filed a complaint against plaintiff, alleging that plaintiff's interest in the trust was property of his bankruptcy estate and seeking turnover of both accrued and future income distributions. The complaint also sought a determination of whether defendant's interest in the trust proceeds was superior to any interest asserted by parties to the March 23, 1993 agreement. (Adversary 93–402, File Doc. 1).

8. On July 27, 1994, this Court awarded summary judgment to defendant, which declared defendant's interest in the Taylor trust to be superior to the interest of other parties and ordered the plaintiff to pay to defendant any accrued distributions as well as all future distributions arising under the trust. (Adversary 93–402, File Doc. 17).

9. On November 27, 1995, plaintiff filed the current proceeding, seeking to enjoin defendant from scheduling a sale of plaintiff's interest in the trust until a successor trustee could be appointed to obtain legal representation for the trust. Plaintiff also seeks an injunction ordering the defendant to accept a proposed settlement agreement. (File Doc. 1). Plaintiff amended his complaint to seek an injunction against the sale of his interest in the trust, alleging that the trust is a spendthrift trust and his interest is excepted from property of the estate pursuant to 11 U.S.C. § 541(c)(2).

10. Defendant answered the complaint and filed a motion for summary judgment and a motion to dismiss. Defendant argues that because this Court previously determined that plaintiff's interest in the trust is property of the estate, the doctrine of *res judicata* applies to bar the re-litigation of that issue. Defendant also argues that plaintiff has failed to state a claim for which relief can be granted; that plaintiff alleges only prospective damages which are insufficient to warrant equitable relief; that the plaintiff cannot seek to enjoin the defendant from performing his duties mandated by 11 U.S.C. § 704; and, that plaintiff cannot compel defendant to settle the dispute.

### CONCLUSIONS OF LAW

#### I. Defendant's Motion to Dismiss

Defendant moved to dismiss this proceeding on the grounds that the complaint fails to state a claim upon which relief can be granted. This Court has previously held that "courts generally do not favor dismissal for failure to state a claim for which relief can be granted ... Motions to dismiss for failure to state a claim for which relief can be granted are generally denied unless the movant can prove the logical insufficiency of the [claim]." *Grant v. Florida Power Corporation, Whitlock Industrial Painting Co., Inc., A & A Welding & Fabrication, Inc., and, Tri State Contractors of Florida Inc. (In re American Fabricators, Inc.)*, 186 B.R. 526, 529 (Bankr. M.D.Fla.1995).

In support of his motion, defendant argues that the injunctive relief sought by the plaintiff cannot be awarded because the complaint states no basis for the relief. Although the Court also questioned plaintiff's desire to pursue injunctive relief, the Court is unpersuaded by defendant's argument that the complaint is legally insufficient. Accordingly, the Court will deny defendant's motion to dismiss.

#### II. Defendant's Motion for Summary Judgment

■ Pursuant to Federal Rule of Bankruptcy Procedure 7056, a motion for summary judgment should be granted if the material facts, construed in the light most favorable to the non-moving party, are not in dispute, and the movant is entitled to judgment as a matter of law. F.R.B.P. 7056. *See Macks v. United States (In re*

*Macks),* 167 B.R. 254 (Bankr.M.D.Fla.1994) (holding that "the facts relied upon by the moving party must be viewed in the light most favorable to the non-moving party...." *Id.* at 256).

In his motion for summary judgment, defendant alleges that no genuine issues of fact exist because *res judicata* bars the re-litigation of whether plaintiff's interest in the trust is property of the estate, plaintiff cannot enjoin defendant from fulfilling his statutorily mandated duties as trustee of the estate, and plaintiff cannot compel defendant to settle disputes relating to estate property. (File Doc. 4).

### A. Res judicata

■ "The doctrine of res judicata insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits." *Macks v. United States (In re Macks),* 167 B.R. 254, 257 (Bankr.M.D.Fla. 1994). The Eleventh Circuit Court of Appeals has held that *res judicata* applies to bar the re-litigation of a cause of action when the following elements are met:

1. the prior judgment must have been rendered by a court of competent jurisdiction;

2. a final judgment on the merits must have been rendered;

3. the parties, or those in privity with them must be identical in both actions; and

4. the same cause of action must be involved in both actions.

*In re McCoy,* 163 B.R. 206, 210 (Bankr. M.D.Fla.1994) (quoting *Ray v. Tennessee Valley Authority,* 677 F.2d 818, 821 (11th Cir.1982), *reh'g denied,* 683 F.2d 1375, *cert. denied,* 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983)).

In a prior proceeding between these parties, this Court found that plaintiff's interest in the trust was property of the estate and awarded judgment to defendant based on that finding. This Court's jurisdiction is established pursuant to 28 U.S.C. §§ 1334 and 157. This Court's prior judgment in favor of defendant was a binding adjudication of the issue presented in this proceeding. This Court's prior judgment encompassed the same parties and cause of action as the current proceeding.

The Court finds that the doctrine of *res judicata* applies to bar the re-litigation of whether plaintiff's beneficial interest is property of the estate and eliminates any issue of fact regarding the ownership of the trust proceeds.

### B. Defendant's Duties as Trustee

■ Bankruptcy Code § 704(1) states that it is the duty of the bankruptcy trustee to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest...." 11 U.S.C. § 704(1). As Chapter 7 Trustee, defendant is required to administer plaintiff's bankruptcy estate in accordance with § 704.

This Court has determined that plaintiff's interest in the trust is property of the estate. Thus, defendant is entitled to complete the sale of that interest to generate money for the estate. The Court finds no reason to enjoin defendant from performing his statutory duty. The Court finds no factual issue surround defendant's duties as proscribed by the Bankruptcy Code.

### C. Proposed Settlement Agreement

■ Plaintiff argues that after consultation with defendant's counsel, a settlement agreement was proposed under which defendant would receive a lump sum payment for the amount of undistributed trust income through October 27, 1995, plus a six month accumulation of future income as a reserve for the payment of additional potential claims. (File Doc. 1 at 2). For reasons unknown to the Court, defendant has elected not to enter into the settlement agreement. It has long been the policy of this Court that settlement agreements are private agreements reached between parties outside the confines of the Court. Accordingly, the Court will not compel the defendant to settle the dispute. The settlement agreement is outside the jurisdiction of the Court and does

not present an issue of fact requiring adjudication.

### D. Summary Judgment as a Matter of Law

█ Having determined that no genuine issue of fact exists, the Court must now decide whether defendant is entitled to summary judgment as a matter of law. This Court has held that

> [i]n opposing a motion for summary judgment, the other party may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met is burden of coming forward with proof of the absence of any genuine issue of material fact, the other party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial.

*Macks v. United States (In re Macks),* 167 B.R. 254, 256 (Bankr.M.D.Fla.1994). Thus, plaintiff must demonstrate to the Court the likelihood of establishing the elements of his cause of action at trial. In this proceeding, plaintiff seeks an injunction to prevent defendant from selling plaintiff's interest in the trust and to compel the defendant to settle the dispute over ownership of the trust income. To prevail, plaintiff must demonstrate that

(1) [he] has a substantial likelihood of success on the merits;

(2) [he] would suffer irreparable injury if the injunction is not granted;

(3) the threatened injury to [plaintiff] outweighs the harm of an injunction to defendant; and

(4) [an injunction] would not disserve the public interest.

*Chisholm v. B.P. Oil Inc., Gulf Products Division (In re Chisholm),* 57 B.R. 718, 719 (Bankr.M.D.Fla.1986). *See also Cate v. Oldham,* 707 F.2d 1176, 1185 (11th Cir.1983).

█ Plaintiff has not demonstrated a substantial likelihood of success on the merits of his cause of action. The Court has found that no genuine issues of fact surround plaintiff's prayer for relief. Specifically, the Court has found that *res judicata* bars plaintiff's request for an injunction to prevent the sale of the trust interest. The Court has also found that plaintiff's request for injunctions to impede the defendant's duties as trustee and to compel defendant to accept the settlement agreement are meritless prayers for relief unsubstantiated by law.

Plaintiff has also failed to demonstrate that he would suffer irreparable injury if the injunction is not granted. In his brief, plaintiff suggests that he depends on the trust income for maintenance of his household. (Plaintiff Brief at 13). Plaintiff, however, makes such an assertion without indication that he could prove irreparable injury at trial.

The threatened injury to plaintiff, (sale of the trust interest), does not outweigh the harm of an injunction against the defendant. As stated earlier, plaintiff has failed to assert that he faces irreparable injury if the injunction is not granted. The defendant, however, if enjoined from selling the trust interest, would be prohibited from fulfilling his statutory duty as trustee of the bankruptcy estate, and would therefore suffer the greater harm.

█ The Court finds no evidence of what effect an injunction against defendant would have on public interest. The Court, however, concludes that the public interest is best served when the Bankruptcy Rules and Code are adhered to strictly. An injunction would prevent defendant from completing his obligation under the Code and would be inappropriate.

The Court finds that as a matter of law, plaintiff would not be entitled to an injunction against defendant. Plaintiff has failed to establish sufficient elements to allow him to proceed to trial on his cause of action and has been unsuccessful in opposing defendant's motion for summary judgment. Defendant is entitled to summary judgment as a matter of law.

The Court finds that *res judicata* bars the re-litigation of whether plaintiff's trust interest is property of the estate. The Court finds no reason to enjoin the defendant from fulfilling his duties as Chapter 7 trustee or to compel defendant to enter into a settlement agreement. The Court finds that no material issue of fact exists, and that the defendant

202

is entitled to judgment as a matter of law pursuant to Federal Rule of Bankruptcy Procedure 7056.

## CONCLUSION

Defendant failed to prove that plaintiff's complaint is legally insufficient and failed to offer the Court acceptable arguments for why the complaint should be dismissed. Defendant, however, successfully proved that no genuine issues of fact exist and that defendant is entitled to summary judgment as a matter of law.

By separate order, the Court will deny defendant's motion to dismiss, grant defendant's motion for summary judgment, and authorize the clerk to close this adversary proceeding.