In the Matter of August
PEREZ, III, Debtor.

HIBERNIA NATIONAL BANK, Appellee,

v.

August PEREZ, III, Appellant.

No. 91–3293.

United States Court of Appeals,
Fifth Circuit.

Feb. 14, 1992.

Gordon F. Wilson, Jr., Friend, Wilson &
Draper, New Orleans, La., for appellant.

Patrick Johnson, Jr., John Carl Davidson,
Lemle & Kelleher, Ann Faford McWatters,
New Orleans, La., for appellee.

Before POLITZ, Chief Judge, KING and
JOHNSON, Circuit Judges.

KING, Circuit Judge:

August Perez, the debtor and defendant
in this adversary proceeding, appeals from
the district court's decision upholding the
bankruptcy court's denial of discharge.
124 B.R. 704. Hibernia National Bank ini-
tiated the adversary proceeding, contend-
ing that Perez should be denied a discharge
for a number of reasons. Following a trial,
the bankruptcy court denied discharge for
two reasons: a transfer of property with
intent to hinder, delay, or defraud a credi-
tor, and a failure to explain satisfactorily
the loss of assets to meet his liabilities.
Perez appeals both of these conclusions.
We find no clear error in the bankruptcy
court's findings leading to its conclusion
that Perez transferred property with intent
to hinder, delay, or defraud creditors. As a
consequence, we affirm the bankruptcy
court's conclusion that Perez should be de-
nied a discharge; we do not reach the
question of whether Perez offered a satis-
factory explanation for the loss of assets.

## I. BACKGROUND

In July 1987, Perez, an architect, filed a
voluntary petition for relief under Chapter

7 of the Bankruptcy Code.[1] Perez and Hibernia Bank had extensive business dealings at least since 1984, when Hibernia lent Perez $750,000. In January 1988, Hibernia filed a complaint in the bankruptcy court; after a number of amendments, the complaint which came before the bankruptcy court contained seven counts, alleging violations of 11 U.S.C. §§ 523(a)(2), 523(a)(4), 523(a)(6), 727(a)(2), 727(a)(4), 727(a)(5), and 727(a)(7). The allegations in the complaint centered mostly on the complex structural aspects of Perez's business dealings, but also included two counts involving Perez's personal financial conduct.

Following a two-day bench trial, the bankruptcy court found for Perez on all counts save the two alleging improprieties in his personal finances. The first of these was an allegation that Perez had failed to "explain satisfactorily," pursuant to § 727(a)(5), a change in his personal financial statements from 1985 to 1986. The 1985 statement had listed a number of items of jewelry, furs, and household furniture which were omitted from the 1986 statement. The bankruptcy court found that Perez had failed to offer a satisfactory explanation for the "disappearance" of these items from his 1986 statement, and consequently denied Perez a discharge.

The second count on which the bankruptcy court based its denial of a discharge was not grounded in the same statutory provision found in Hibernia's complaint. Hibernia had alleged, again pursuant to § 727(a)(5), that Perez had failed to explain satisfactorily the loss of assets which arose from Perez's distribution, between himself and his wife, of tax refunds. The bankruptcy court found that Perez had explained the loss of assets satisfactorily, but further found that the distribution was made in violation of § 727(a)(2)(A). Section 727(a)(2)(A) requires denial of discharge when the court finds that "the debtor, with intent to hinder, delay, or defraud a creditor ... has transferred ... property of the debtor, within one year before the date of the filing of the petition[.]" 11 U.S.C. § 727(a)(2)(A). Although Hibernia had not alleged a violation of this provision in its complaint, the bankruptcy court found that the pleadings should be amended to conform to the evidence at trial, pursuant to Fed.R.Civ.P. 15(b). On appeal, the district court upheld the bankruptcy court's findings, including its amendment of the pleadings.

## II. STANDARD OF REVIEW

"This court reviews the bankruptcy court's findings of fact under the clearly erroneous standard, but the bankruptcy court's conclusions of law are subject to *de novo* review." *Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1252 (5th Cir.1986) (citations omitted). Like the district court in its appellate role, we must give "due regard ... to the opportunity of the [bankruptcy] court to judge the credibility of the witnesses." Fed.R.Civ.P. 52(a); *cf.* Bankr.R. 8013. "Thus we will affirm the bankruptcy court's findings unless, 'on the entire evidence, [we are] left with the definite and firm conviction that a mistake has been committed.' " *Matter of Sutton*, 904 F.2d 327, 329 (5th Cir.1990) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

## III. DISCUSSION

We note at the outset that the bankruptcy court's conclusions amount to alternative justifications on which to base a denial of discharge. If we uphold either of the bankruptcy court's conclusions, the denial of discharge is mandatory and we need not decide the propriety of the other finding. With this in mind, we traverse the challenges Perez brings against the bankruptcy court's decision, beginning with the § 727(a)(2)(A) issue.

### A. Amendment of the Pleadings

Perez contends that the bankruptcy court improperly amended the pleadings sua sponte. Rule 15(b) provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of

---

1. 11 U.S.C. §§ 701–766.

the parties, they shall be treated in all respects as if they had been raised in the pleadings." Here, Perez objected, on the grounds of relevance, to Hibernia's introduction of evidence regarding the propriety of Perez's distribution of the tax refunds. This might ordinarily preclude amendment of the pleadings, since it could demonstrate that the objecting party had not given its consent to trial of the unpled issues. *Cf. Haught v. Maceluch,* 681 F.2d 291, 305 (5th Cir.1982) (finding consent in the absence of an objection); *see also* 3 James Wm. Moore & Richard D. Freer, *Moore's Federal Practice* ¶¶ 15.13–15.14 (2d ed. 1991).

In this case, however, we need not reach the question of whether the bankruptcy court proceeded properly under Rule 15(b), because the § 727(a)(2)(A) issue was raised in the pre-trial order. Rule 16(e) provides that the pre-trial order "shall control the subsequent course of the action unless modified by a subsequent order." Fed. R.Civ.P. 16(e). We have held in a similar case that "the incorporation of [an unpled] claim into the pre-trial order ... amends the previous pleadings to state [that] claim." *Syrie v. Knoll Int'l,* 748 F.2d 304, 308 (5th Cir.1984).

Here, the pre-trial order stated, as one of the plaintiff's disputed issues of law, that an issue to be decided at trial was:

> Whether the division by August Perez, III and Cheryl L. Perez of approximately $300,000.00 in tax refunds on a 50/50 basis constitutes the transfer of property of the debtor, within one year before the date of the filing of the petition, within [sic] intent to hinder delay, or defraud a creditor or an officer of the estate.

This statement tracks the statutory language of § 727(a)(2)(A) exactly (save for the typographical error). In the summary of material facts claimed by defendant, the pre-trial order states: "Had there been an intent to hinder, delay, or defraud a creditor by this [tax refund] transaction, surely Mr. Perez would have deferred filing his petition...." According to the terms of the pre-trial order, both Hibernia and Perez were aware that the elements of § 727(a)(2)(A) were at issue regarding the tax refund distribution. *Syrie's* holding requires us to acknowledge that the § 727(a)(2)(A) claim was properly before the bankruptcy court, and there was no need for an amendment of the pleadings.

### B. Merits of the § 727(a)(2)(A) Claim

▌ Having found that the § 727(a)(2)(A) claim was properly before the bankruptcy court, we must address Perez's argument that the bankruptcy court incorrectly decided that claim on its merits. Perez contends that the bankruptcy court could not properly conclude, on the evidence presented at trial, that he acted with the requisite intent to hinder, delay, or defraud a creditor.

The bankruptcy court's opinion relied on the existence of a pre-marital agreement between the Perezes, which established a separate property arrangement. Given this arrangement, the court found that over 85% of the tax refund was attributable to income earned by Perez, at a time when his wife earned little or no income, and therefore constituted his property. The court further found that Perez was knowledgeable enough about the separate property arrangement to know that his wife was not entitled to 50% of the tax refund check. Based on the circumstantial evidence before it, the bankruptcy court concluded that Perez had "transferred property of the [debtor] with the intent to, if not defraud his creditors, at least hinder or delay their discovery of and access to certain assets." [2]

The district court affirmed this finding, noting that the record also disclosed evidence that Perez "was faced with a number of financial problems at the time of the transfer." The district court's opinion on appeal noted: "Two months after the tax refunds were received and divided, the Banque d'Union Europeene (BUE) obtained a judgment against Perez for money owed.

---

**2.** Although the bankruptcy court did not rely on it, we have held that "[t]he transfer of property to relatives, in conjunction with other circumstances, will often make the [ ] case [for intent to hinder, delay, or defraud] compelling, notwithstanding the absence of direct evidence of fraud." *Matter of Chastant,* 873 F.2d 89, 91 (5th Cir.1989).

It must be assumed that at the time the tax refunds were received, Perez was aware that the BUE was attempting to collect money from him."

When asked how he divided the tax refund, Perez testified, that he "gave [his wife] her share." He later acknowledged that the distribution amounted to a 50/50 split. In response to a question inquiring why he had divided the check 50/50, he testified: "because she's on this check here, August and Cheryl Perez, III, so she's entitled to half of that." When asked whether he consulted anyone regarding the ownership of the tax refunds, he stated that he could not recall.

The finding of intent to hinder, delay, or defraud a creditor is a factual one which must be reviewed under the clear error standard. *In re Olivier*, 819 F.2d 550, 552 (5th Cir.1987); *Matter of Reed*, 700 F.2d 986, 992 (5th Cir.1983). Although "evidence of actual intent to defraud creditors is required to support a finding sufficient to deny discharge," *Reed*, 700 F.2d at 991, "[a]ctual intent may be inferred from the actions of the debtor and may be proven by circumstantial evidence." *Matter of Chastant*, 873 F.2d 89, 91 (5th Cir.1989). The evidence in this case, although circumstantial, supports the bankruptcy court's finding of actual intent to hinder, delay, or defraud.

Although, faced with the same evidence, we might have arrived at a different conclusion, we cannot say that the bankruptcy court's finding is clearly erroneous. *See Norris v. Hartmarx Specialty Stores, Inc.*, 913 F.2d 253, 255 (5th Cir.1990). Consequently, we must affirm the bankruptcy court's denial of a discharge under § 727(a)(2)(A). Since the outcome of this proceeding would not be affected by our discussion of the satisfactory explanation claim, we decline to reach that issue.

## IV. CONCLUSION

Since we find no clear error in the bankruptcy court's finding of intent to hinder, delay, or defraud, we AFFIRM the judgment of the district court.