**In the Matter of John J. DYDO, Susan M. Dydo, Debtors.**

**Bankruptcy No. 2–93–02516.**

United States Bankruptcy Court, D. Connecticut.

Feb. 7, 1994.

James C. Mulholland, Wethersfield, CT, for debtors John J. Dydo and Susan M. Dydo.

Raymond C. Bliss, Kantor and Silver, P.C., East Hartford, CT, for Citicorp Mortg., Inc.

Molly T. Whiton, the Witherspoon Law Offices, Farmington, CT, for Citicorp Mortg., Inc.

Gilbert L. Rosenbaum, Hartford, CT, Chapter 13 Trustee.

*DECISION AND ORDER ON CONFIRMATION OF CHAPTER 13 PLAN*

ROBERT L. KRECHEVSKY, Chief Judge.

I.

*ISSUE*

The debtors in this Chapter 13 case contend that notwithstanding the holding of *Nobelman v. American Savings Bank*, —— U.S. ——, ——, 113 S.Ct. 2106, 2108, 124 L.Ed.2d 228 (1993), that Bankruptcy Code § 1322(b)(2) "prohibits a Chapter 13 debtor from relying on § 506(a) to reduce an undersecured homestead mortgage to the fair market value of the mortgaged residence," such doctrine does not apply to the present matter where the Chapter 13 debtors have

no personal liability on the mortgage debt. Because the court can perceive no justification for the claimed distinction between recourse and nonrecourse mortgage debt, the debtors' contention is not adopted and plan confirmation is denied.

## II.

### BACKGROUND

John J. Dydo and Susan M. Dydo, the debtors, filed their Chapter 13 case on June 25, 1993. The debtors, two years previously, had received a discharge in their Chapter 7 case filed on June 29, 1990. The debtors apparently listed in the Chapter 7 case their residence at 54 Roger Road, Griswold, Connecticut (the residence) as an exempt asset. They also scheduled as a liability a debt due Citicorp Mortgage, Inc. (Citicorp), secured by a mortgage on the residence.

Subsequent to the closing of the Chapter 7 case, the debtors encountered serious financial and personal setbacks, and Citicorp, on January 26, 1993, started an action in state court to foreclose its mortgage on the residence. Just prior to the running of the debtors' law day in the foreclosure action, they sought relief under Chapter 13. The debtors' First Amended Plan, filed September 1, 1993, proposes to satisfy the Citicorp mortgage by paying, over a sixty-month period, amounts equalling the fair market value of the residence, stipulated by the parties to be $107,500. Citicorp, whose mortgage debt exceeds $141,000, objects to the plan, asserting that § 1322(b)(2) prohibits a plan from modifying the rights of a holder of " 'a claim secured only by a security interest in real property that is the debtor's principal residence,' " [1] and that the *Nobelman* ruling confirmed that § 1322(b)(2) did not permit an undersecured mortgagee's debt to be crammed down to the value of the residence.[2] Citicorp's Brief at 6 (quoting *Nobelman,* —— U.S. at ——, 113 S.Ct. at 2109).

## III.

### DISCUSSION

The debtors' argument that *Nobelman* only applies to mortgage debts where personal liability on the entire debt obtains is not supported by any of the language in the *Nobelman* opinion. A careful review discloses no mention by the Court of distinctions based upon whether the debtors are personally liable on the mortgage debt. The Court plainly ruled that the " 'rights' the bank enjoy[ed] as a mortgagee, which are protected by § 1322(b)(2), are [not] limited by the valuation of its secured claim.... The bank's contractual rights are contained in a unitary note that applies at once to the bank's overall claim, including both the secured and unsecured components." —— U.S. at —— – ——, 113 S.Ct. at 2110–11.

The debtors rely solely on the Supreme Court's ruling in *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), to support confirmation of their Chapter 13 plan. *Johnson* held that after a debtor received a discharge in a prior Chapter 7 case, "a mortgage lien ... is a 'claim' subject to inclusion in an approved Chapter 13 reorganization plan." 501 U.S. at ——, 111 S.Ct. at 2153. A creditor holding a mortgage on the debtor's farm property had argued in *Johnson* that the Bankruptcy Code did not allow a debtor to include in a Chapter 13 plan a mortgage used to secure an obligation for which personal liability had been discharged in a Chapter 7 proceeding because the creditor no longer held a "claim." The Court found that the definition of claim in Code § 101(5) includes a surviving mortgage interest. The *Johnson* case contains no reference to § 1322(b)(2), and I find that holding inapposite in the present proceeding.

## IV.

### CONCLUSION

In light of the *Nobelman* ruling, I conclude that the debtors' Chapter 13 plan proposes to

---

**1.** Section 1322(b) provides:

(b) [T]he plan may—

....

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of

unsecured claims, or leave unaffected the rights of holders of any class of claims....

11 U.S.C. § 1322(b).

**2.** In light of the court's ruling in the stated issue, other objections to plan confirmation need not be addressed.

modify the rights of Citicorp as the holder of a first mortgage secured only by the debtors' principal residence. Such modification is prohibited by § 1322(b)(2). Accordingly, confirmation of the plan must be, and hereby is, denied. It is

SO ORDERED.