**In the Matter of Howard K. SCHWAMB, Jr. and Mary R. Schwamb.**

**Civ. A. No. 93–4120.**

United States District Court, E.D. Louisiana.

June 24, 1994.

■

Donald Alfred Hoffman, Donald Burnham Ensenat and Stephen T. Perkins, Hoffman, Sutterfield, Ensenat & Bankston, New Orleans, LA, for Nat. Union Fire Ins. Co. of Pittsburgh, PA, appellant.

Francis Gerald Weller, Deutsch, Kerrigan & Stiles, New Orleans, LA, for Delta Airlines, Inc., appellee.

Eugene Bertrand Gerdes, III, Law Office of Eugene B. Gerdes, III, Hammond, LA, for Howard Schwamb and Mary Schwamb, appellees.

Rick A. Caballero, Dué, Smith, Caballero, Price & Guidry, Baton Rouge, LA, for Paul Due, appellee.

Dennis Michael Dendy, Amato & Creely, Gretna, LA, for Eric A. Holden, appellee.

### ORDER AND REASONS

FELDMAN, District Judge.

This appeal of the bankruptcy court's decision is brought by National Union Fire Insurance Co. For the following reasons, the decision is REVERSED.

## I. *Background*

On January 14, 1984 the debtors, Howard K. Schwamb and Mary P. Schwamb, filed suit in state court against Delta Airlines for personal injuries sustained aboard Delta flight 1662 from Chicago to New Orleans. On February 21, 1985 the Schwambs filed their petition for relief under Chapter 7 of the Bankruptcy Code. The trial in state court against Delta commenced on October 21, 1985. National Union intervened in the state court suit to recover worker's compensation payments it made to the Schwambs. The state court severed National Union's claim from the other claims and scheduled National Union's claim to be tried at a later date. On November 8, 1985 the Schwambs got a judgment against Delta for $1,015,000 plus costs. The judgment became final on March 11, 1988, when the Louisiana Supreme Court denied Delta's application for writs.

In a letter dated March 22, 1988 Delta delivered to the Schwambs' counsel three checks in satisfaction of the judgment, with a reservation concerning the amount of costs due. By letter of March 28, 1988 the Schwambs' counsel returned to Delta's counsel the three checks "with the request that in light of the worker's compensation issue, you instead immediately have all of this money placed in the form of one check deposited in the Registry of the 21st Judicial District Court ..."

On April 4, 1988, the Schwambs, through new counsel, filed in the bankruptcy court a complaint to compel Delta to deposit the amount of the judgment plus interest in the bankruptcy court. The bankruptcy court ordered Delta to file the money into the registry of the court. Delta complied. The funds were used to pay creditors, with the remainder apparently disbursed to the Schwambs and their counsel. The bankruptcy proceeding was then dismissed.

On February 2, 1989 Schwamb's counsel filed in the record a satisfaction of judgment. On October 16, 1989 National Union filed an Amended Petition of Intervention in state court claiming that Delta owed National Union $98,086 in workmen's compensation benefits that Schwamb had collected from National Union as a result of the accident for which

Delta was found liable. Delta objected and moved for summary judgment, which was denied by the state court.

Then, on August 22, 1990, Delta filed a third-party complaint against National Union in an adversary proceeding in the bankruptcy court. Delta's complaint included a request for injunctive relief. The bankruptcy court issued a preliminary injunction on August 28, 1990 enjoining any further state court action by the parties. On January 15, 1993 the bankruptcy court dismissed Delta's third-party complaint without prejudice to be refiled, if warranted, as a declaratory judgment action. The bankruptcy court also ordered that the preliminary injunction remain in effect.

Delta then commenced the adversary proceeding from which this appeal is taken, requesting a permanent injunction to bar any party from bringing claims against Delta in any court. Delta also moved for summary judgment, which was opposed by the Schwambs and National Union. National Union filed a cross-motion for summary judgment to recover the costs associated with Delta's failure to notify National Union or the bankruptcy court of the full scope of the proceedings involving the funds used to satisfy the state court judgment.

## II. *The Ruling Below*

On October 29, 1993 the bankruptcy court denied National Union's motion, granted Delta's motion for summary judgment, and granted the permanent injunctive relief sought by Delta. This Court reverses.

## III. *Standard of Review*

The district court will only set aside the findings of fact made by a bankruptcy court for clear error. Bankr.R. 8013; *In re Missionary Baptist Found.*, 818 F.2d 1135, 1142 (5th Cir.1987). A finding of fact is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948). Additionally, when reviewing matters that are within the discretion of the bankruptcy court, a district court applies an abuse of discretion standard of review. *In re Texas*

*Extrusion Corp.,* 844 F.2d 1142, 1158 (5th Cir.1988), *cert. denied, Texas Extrusion Corp. v. Lockheed Corp.,* 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988). The bankruptcy court's conclusions of law are subject to de novo review. *In re Perez,* 954 F.2d 1026, 1027 (5th Cir.1992).

## IV. Jurisdiction of the Bankruptcy Court

In *In re Wood,* 825 F.2d 90 (5th Cir.1987), the Fifth Circuit established a two-step inquiry for determining whether a bankruptcy court has subject matter jurisdiction: "first, whether bankruptcy jurisdiction exists; [and] second, if jurisdiction does exist, whether the bankruptcy court may proceed over this matter as a 'core' or a 'non-core' proceeding." [1] *Id.* at 91. This test reflects the difference between the bankruptcy jurisdiction of a district court and the judicial power of a bankruptcy court. *Eubanks v. Esenjay Petroleum Corp.,* 152 B.R. 459, 461 (E.D.La.1993).

The statutory grant to district courts is found in 28 U.S.C. § 1334, which provides that the court shall have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (1993). Consequently, a bankruptcy court may exercise jurisdiction over a matter if it (1) arises under title 11; (2) arises in cases brought under title 11; or (3) is related to a title 11 matter.

Judge Wisdom, in *Wood,* explains that it is not necessary to distinguish between these three types of proceedings because these references operate conjunctively to define the scope of federal bankruptcy jurisdiction. *Id.* at 93. It is necessary only to determine whether a matter is related to the bankruptcy. *Id.*

The Fifth Circuit in *Wood* then adopted the Third Circuit's test for determining whether a proceeding is related to the bankruptcy case: "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* (quoting *Pacor, Inc. v. Higgins,*

743 F.2d 984, 994 (3d Cir.1984)). The *Pacor* court significantly elaborated on this inquiry by stating that an "action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor,* 743 F.2d at 994. The Fifth Circuit, more recently endorsed this equation in *In re Majestic Energy Corp.,* 835 F.2d 87, 90 (5th Cir.1988).

The vast majority of the cases applying the conceivable effects test in connection with third-party complaints have found jurisdiction to be lacking. *In re Alpha Steel Co.,* 142 B.R. 465, 470–2 (M.D.Ala.1992); *In re Spaulding & Co.,* 131 B.R. 84, 88–90 (N.D.Ill. 1990); *In re Marine Iron & Shipbuilding Co.,* 104 B.R. 976, 984–87 (D.Minn.1989).

■ The question here, therefore, is whether Delta's third-party complaint against National Union, including the demand for injunctive relief, could have a conceivable effect on the Schwambs' bankruptcy case. The Court holds that Delta's third-party claim cannot have an effect on the bankruptcy case because the Schwambs' case was dismissed in 1988. Further, as the *Pacor* court observed, a third-party complaint, like Delta's here, could in no "way impact upon the handling and administration of the bankrupt estate" because the bankrupt estate no longer exists. *Pacor,* 743 F.2d at 994.

■ Therefore, because Delta's complaint fails the "conceivable effects" test, the bankruptcy court did not have subject matter jurisdiction over the complaint. Following the Fifth Circuit's *Wood* analysis, the question of whether the proceeding is core or non-core is irrelevant and need not be addressed. Furthermore, if a federal court rules in a matter over which it does not have jurisdiction, its decisions, opinions and orders are without effect. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 548 (5th Cir.1981).

---

1. Core proceedings are those over which the bankruptcy court may exercise full judicial power and non-core · proceedings are those over which the bankruptcy court exercises only limited power. *Wood,* 825 F.2d at 91.

## V. *The Power of the Bankruptcy Court to Issue the Injunction*

Even if it is determined that the bankruptcy court did have subject matter jurisdiction, the bankruptcy court did not have the power to issue a permanent injunction. Section 105 of title 11 specifically allows the bankruptcy court to issue a stay of a proceeding in a state court. H.R.Rep. No. 595, 95th Cong., 1st Sess. 316 (1977), *reprinted in* 1978 U.S.C.C.A.N., 5797, 5963. However, the bankruptcy court improperly relied on 11 U.S.C. § 105 to permanently enjoin everyone from pursuing Delta in connection with this matter. Section 105 authorizes bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." It does not authorize the type of permanent injunction ordered by the bankruptcy court in this case. Although injunctive relief is appropriate under Section 105 in certain circumstances, Section 105 "is not limitless and should not be employed as a panacea for all ills confronted in the bankruptcy cases." 2 *Collier on Bankruptcy* § 105.01(3) (15th ed. 1993).

Because bankruptcy courts have only limited authority to enjoin third parties and to issue an injunction, a court must find that the failure to enjoin would impact the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through that third party. *In re Otero Mills, Inc.,* 25 B.R. 1018, 1021–2 (D.N.M. 1982). The factors to be considered in deciding whether the injunction should be issued include: (1) irreparable harm to the bankrupt estate if the injunction is not issued; (2) a strong likelihood of successful reorganization; (3) minimal or no harm to other parties; and (4) the public's interest in promoting successful reorganization. *Id.*

Delta's potential liability on this claim will not threaten the bankruptcy estate of the former debtors. The bankruptcy estate no longer exists because the bankruptcy case was dismissed. Even if the bankrupt estate could be affected, National Union's claim could not "detrimentally influence" or "pressure" the debtor.

The bankruptcy court's decision is REVERSED and this matter is REMANDED for further orders that comport with this Order and Reasons.