**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-30344
Summary Calendar

IN THE MATTER OF:  LEONARD O. PARKER, JR.,
Debtor.


LEONARD O. PARKER,

Appellant,


VERSUS


FEDERAL HOME LOAN MORTGAGE CORP.,

Appellee.


Appeal from the United States District Court
for the Eastern District of Louisiana

(  94-CV-2503 R  )

October 26, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant Leonard O. Parker, Jr. sought confirmation of his
proposed Chapter 13 plan in bankruptcy court.  The bankruptcy court
denied confirmation, finding that the plan impermissibly modified

_____

[1] Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular cases
on the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

Appellee Federal Home Loan Mortgage Corporation's secured claim in violation of 11 U.S.C. § 1322(b)(2). Appellant appeals the district court's affirmation of the bankruptcy court's decision. We dismiss for lack of jurisdiction. The bankruptcy court's judgment is not final. Therefore, we, and the district court, lack jurisdiction.

## FACTS

Appellant and his wife purchased a residence. To finance the purchase, the Parkers obtained a personal loan from Federal Home Loan Mortgage Corporation.

Years later Mr. Parker sought relief from the bankruptcy court under Chapter 13. Federal Home filed a proof of claim for $90,584.64, which included the principal due on the mortgage on Parker's property, past due payments, foreclosure costs advances, property tax advances, late charges, and attorney's fees. Appellant's plan proposed to reduce Federal Home's secured claim to the fair market value of the property (approximately $70,000), decrease the interest rate, reduce the monthly payments, extinguish Mrs. Parker's liability on the Note and Mortgage, and transfer Mrs. Parker's interest in the Property to Mr. Parker.

Federal Home and the Chapter 13 Trustee objected to the plan, claiming that it impermissibly modified the secured claim in violation of 11 U.S.C. § 1322(b)(2). The bankruptcy court denied confirmation and the district court affirmed holding that pursuant to 11 U.S.C. § 1322(b)(2), Appellant could not modify Federal Home's claim

DISCUSSION

Parker raised in both the bankruptcy and district courts, and raised before us, three arguments in favor of modifying Federal Home's claim under 11 U.S.C. § 1322(b)(2). Although the bankruptcy and district courts addressed the merits of two of Appellant's claims,[2] one potentially dispositive issue remains.

Appellant argues that the advances made by Federal Home to pay property taxes and foreclosure costs constitute additional security interests that remove Federal Home's claim from the scope of 11 U.S.C. § 1322(b)(2). Section 1322(b)(2) prohibits modification of "a claim secured only by a security interest in real property that is the debtor's principal residence." Appellant contends that the advancements are not secured by the debtor's residence, thereby divesting Federal Home of its section 1322(b)(2) protection.

Because neither the bankruptcy court nor district court considered this issue, and the case was not dismissed by the bankruptcy court, their judgments are not final and we do not have appellate jurisdiction. 28 U.S.C. § 158(a) governs bankruptcy appeals from the district court to the court of appeals. We can review only final judgments entered by district courts reviewing bankruptcy orders. 28 U.S.C. § 158(d). Under 28 U.S.C. § 158(a),

---

[2] The bankruptcy and district courts addressed Appellant's arguments that Federal Homes' mortgage may be modified under 11 U.S.C. § 1322(b)(2) because his property serves the dual purpose of residence and office space and because his personal liability was discharged in the Chapter 7 proceeding, leaving only an *in rem* obligation.

3

district courts have jurisdiction to hear appeals only from final orders of bankruptcy judges. We therefore have jurisdiction only if the underlying bankruptcy court order was final. See In re Delta Servs. Indus., 782 F.2d 1267, 1268 (5th Cir. 1986).

"In order to be final in character, an order by a bankruptcy court must resolve a discreet unit in the larger case."[3] In the Matter of Greene County Hospital, 835 F.2d 589, 595 (5th Cir. 1988). In addition, a final order must "conclusively determine substantive rights of parties." In re Delta Servs. Indus., 782 F.2d at 1270. Because the bankruptcy court did not fully resolve whether Appellant's plan may be modified pursuant to 11 U.S.C. § 1322(b)(2), its order was not final. Therefore, we, and the district court, lack jurisdiction.

For the foregoing reasons, Appellant's appeal is dismissed for lack of jurisdiction. We remand this case to the district court with instructions to vacate its order and to remand to the bankruptcy court for further proceedings.

---

[3] Although 28 U.S.C. § 1291 provides interpretive guidance, courts view finality more flexibly under section 158(d) than under section 1291. In re Delta Servs. Indus., 782 F.2d at 1269. Under section 1291, a judgment that does not dispose of all issues in a case is not final. Brown v. New Orleans Clerks and Checkers Union Local No. 1497, 590 F.2d 161, 163-64 (5th Cir. 1979).