United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20335
Summary Calendar

In the matter: MICHAEL M. PFEIFLE,; MARLENE T. PFEIFLE;

Debtors.

CHEMOIL, INC. ,

Appellant,

versus

MICHAEL M PREIFLE; MARLENE T PFEIFLE,

Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(No. 4:05-CV-301)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Chemoil, Inc. ("Chemoil") appeals a district court judgment affirming a bankruptcy

court ruling in favor of Michael Pfeifle and Marlene Pfeifle ("the Pfeifles"). We observe

no clear error in the bankrupcty court's finding that the Pfeifles kept adequate records of

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

their financial condition. Chemoil's assertion that the Pfeifles' debt should not be discharged under 11 U.S.C. § 727(a)(3) fails. Accordingly, we affirm.

## I. FACTS AND PROCEEDINGS

Chemoil and Mr. Pfeifle were in a business relationship involving commodity trading. The relationship terminated in November 2000 when Chemoil accused Mr. Pfeifle of unauthorized trading. In January 2003, following arbitration proceedings related to the charge, Chemoil obtained a judgment against Mr. Pfeifle for approximately $846,000. In April 2003, the Pfeifles filed a voluntary bankruptcy petition under Chapter 7, and Chemoil was listed as a creditor on the Pfeifles' schedules. Subsequently, Chemoil sued to bar the Pfeifles' discharge of debt under 11 U.S.C. § 727.

In the bankruptcy court proceedings, Chemoil alleged, inter alia, that the Pfeifles failed to maintain adequate records of their financial condition and that their debt should not be discharged pursuant to 11 U.S.C. § 727(a)(3). Specifically, Chemoil argued that the failure to keep records of untraceable cash, allegedly equal to twenty percent of the debtors' income, made it impossible to determine the debtors' financial condition. The bankruptcy court, however, accepted the sufficiency of the Pfeifles' recordkeeping. The Pfeifles moved for judgment pursuant to Federal Rule of Civil Procedure 54(b), also Bankruptcy Rule 7054(a); the court granted the Pfeifles motion.

Chemoil appealed to the district court on the issue of adequacy of recordkeeping. The district court affirmed the ruling of the bankruptcy court, and appeal to this Court was timely taken. This Court has jurisdiction to hear an appeal from a final order of a district

2

court under 28 U.S.C. § 158(d).

## II. STANDARD OF REVIEW

This Court reviews bankruptcy court decisions under the same standards the district court employed in hearing the appeal from bankruptcy court; findings of fact are reviewed for clear error, and legal conclusions are reviewed de novo. Williams v. Int'l Brotherhood of Electrical Workers Local 520 (In re Williams), 337 F.3d 504, 508 (5th Cir. 2003); In re Nat'l Gypsum Co., 208 F.3d 498, 504 (5th Cir. 2000). A finding of fact is "clearly erroneous only if 'on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed.'" Robertson v. Dennis (In re Dennis), 330 F.3d 696, 701 (5th Cir. 2003) (quoting Hibernia Nat'l Bank v. Perez, 954 F.2d 1026, 1027 (5th Cir. 1992)). Further, this Court must give "due regard" to the judgment of the bankruptcy court in assessing the credibility of the witnesses. Id.

Chemoil tries to characterize the bankruptcy court's factual finding concerning the Pfeifle's recordkeeping as a legal conclusion, such that this Court would review the court's judgment under the de novo standard. However, this characterization is without merit. The law is settled that a finding regarding the debtor's financial recordkeeping is a factual one. Id. at 703; Goff v. Russell Co. (In re Goff), 495 F.2d 199, 200 (5th Cir. 1974).

## III. DISCUSSION

The sole issue on appeal is whether the Pfeifles complied with their duty to keep adequate records in accordance with 11 U.S.C. § 727(a)(3).

A. 11 U.S.C. § 727(a)(3)

3

The court shall grant discharge to a debtor, unless the debtor has "failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3). The plaintiff bears the initial burden of proving that the debtor's financial records are inadequate and that this failure prevented the plaintiff from ascertaining the debtor's financial condition. In re Dennis, 330 F.3d at 703. If this burden is met, the burden shifts to the debtors to show the inadequacy is justified under all of the circumstances. Id.

B. Findings of the bankruptcy court

The bankruptcy court concluded that Chemoil did not meet its burden. Rather, the court noted that there were thousands of pages of financial records and substantial documents produced. The Pfeifles admitted into evidence four years of tax returns, together with various supplemental documentation in support of the returns. Also admitted were bank statements, quarterly reports of retirement accounts, insurance information, and credit card statements.

Mr. Pfeifle testified that he kept records of deductible business expenses and records generally necessary for filing tax returns. He stated that he maintained other types of records as well, such as property tax bills and pay stubs. Chemoil does not dispute that the records referenced by Mr. Pfeifle were included in the record before the bankruptcy court. Mr. Pfeifle asserted that his records were adequate for his circumstances. The

forensic accountant hired by Chemoil to review the Pfeifles' financial records did not testify.

Mr. Pfeifle testified that neither he nor his wife kept records of how they spent cash but that they used it for living expenses and entertainment items as well as for mortgage payments. The proportion of expenses paid in cash, Mr. Pfeifle said, was between fifteen and twenty percent.

The bankruptcy court found that the number of records was substantial and that the records kept were both reasonable given the needs of the debtor and appropriate given his situation. The court also specifically gave credit to the testimony of Mr. Pfeifle and found that Mr. Pfeifle's financial condition had been clearly described in the course of the proceedings.

C. Chemoil's argument

Chemoil contests the bankruptcy court finding and chiefly makes two arguments on appeal.[1] First, Chemoil contends that because no records exist to account for the use of

---

[1]We address the two most pertinent claims. In its brief, Chemoil does make other arguments as well, but they are unsuccessful. For example, Chemoil states that the Pfeifles are justified in not keeping records of their cash expenditures only if a normal and reasonable person would do so under similar circumstances. However, the justification inquiry only follows after the plaintiff has made a prima facie case that the debtor kept inadequate records. In re Dennis, 330 F.3d at 703. Because the bankruptcy court found that Chemoil did not make out a prima facie case and we find no error in this assessment, we need not address the justification inquiry. Also, Chemoil correctly points out that no showing of fraudulent intent need be made under 11 U.S.C. § 727(a)(3). The bankruptcy court did address intent under its analysis of section 727(a)(4) but did not factor this into its analysis under section 727(a)(3). Consequently we do not find this to be an issue.

5

credit card cash advances or cash withdrawals made when depositing checks, an accurate picture of the Pfeifles' financial condition cannot be ascertained. This Circuit has not delineated a precise threshold beyond which a debtor becomes accountable for further recordkeeping. However, we have required only "written evidence" of the debtor's financial condition, not "full detail" of all of the debtor's financial records. In re Dennis, 330 F.3d at 703 (citing In re Goff, 495 F.2d at 201). The bankruptcy court found that the absence of records as to these cash expenditures did not impede Chemoil from ascertaining the Pfeifles' financial condition. Using the above standard as a guide, we cannot say that the bankruptcy court clearly erred in this regard.

Second, Chemoil insists that, as sophisticated wage earners, the Pfeifles should be held to a higher standard regarding the amount and type of financial documentation retained. The appellant cites to Womble v. Pher Partners which suggests that the level of a debtor's sophistication as well as the extent of his business activities should bear on the adequacy of his record keeping. Womble v. Pher Partners (In re Womble), 108 Fed. Appx. 993, 996 (5th Cir. 2004). While we agree that this is true, this Court has also stated both that debtors must only keep and preserve records which are appropriate to their situation and that income tax returns are the "quintessential documents" in a personal bankruptcy. In re Dennis, 330 F.3d at 703. The Pfeifles' case is a personal bankruptcy. The record shows that they have produced four years of income tax returns as well as other documentation. The bankruptcy court found this to be reasonable. Again, we cannot say that the bankruptcy court made a clear error.

6

In light of the above considerations, and based on Mr. Pfeifle's testimony and the evidence admitted into the record, we cannot say that the bankruptcy court clearly erred in finding the Pfeifle's records sufficient to ascertain their financial condition. A bankruptcy court has "wide discretion" in making this finding. In re Dennis, 330 F.3d at 703. Additionally, the bankruptcy court found Mr. Pfeifle to be a credible witness. We give deference to the court in this regard. Id. at 701. This Circuit has stated that discharge should be denied only for very specific and serious infractions. In re Ichinose, 946 F.2d 1169, 1172 (5th Cir. 1991). The discharge of the Pfeifles' debt should not be denied under 11 U.S.C. § 727(a)(3).

## IV. CONCLUSION

The order of the district court is AFFIRMED.