# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-20002

————

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2018

Lyle W. Cayce
Clerk

In the Matter of: DIGERATI TECHNOLOGIES, INCORPORATED, formerly known as ATSI Communications, Incorporated, also known as HD Energy Services, Incorporated (Disputed); ARTHUR L. SMITH,

Debtors,

GILBERT A. HERRERA; HERRERA PARTNERS,

Appellants,

v.

TERRY DISHON; HURLEY FAIRVIEW, L.L.C.; SHEYENNE RAE HURLEY,

Appellees.

———

In the Matter of: DIGERATI TECHNOLOGIES, INCORPORATED, formerly known as ATSI Communications, Incorporated, also known as HD Energy Services, Incorporated (Disputed); ARTHUR L. SMITH,

Debtors,

GILBERT A. HERRERA; HERRERA PARTNERS,

Appellants,

v.

TERRY DISHON; SHEYENNE RAE HURLEY; HURLEY FAIRVIEW, L.L.C.,

Appellees.

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-227

———

No. 17-20002

Before STEWART, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:*

Digerati Technologies, Inc. (Digerati) filed for Chapter 11 bankruptcy. The bankruptcy court approved Digerati's request for Gilbert A. Herrera and Herrera Partners (HP), in their role as investment bankers, to assist in the sale of Digerati's two wholly-owned subsidiaries, Hurley Enterprises, Inc., and Dishon Disposal, Inc.  That court later denied HP's application for professional fees in full after finding that the application was insufficiently detailed, the services did not, and were not reasonably likely to, benefit the estate, and that HP had failed to disclose a connection with Digerati's counsel.  The district court affirmed, as do we.

The standard of review is abuse of discretion.[1]  A bankruptcy court abuses its discretion if it "fails to apply the proper legal standard . . . [or] bases an award on findings of fact that are clearly erroneous."[2]  "A finding of fact is clearly erroneous only if 'on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed.'"[3]

The bankruptcy court did not abuse its discretion in finding that the services were not "reasonably likely to benefit the estate" at the time they were performed[4] and that Herrera failed to make a required disclosure.[5]  Services rendered to an estate are compensable only if, at the time they were rendered,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005) (per curiam).

[2] *In re Evangeline Ref. Co.*, 890 F.2d 1312, 1325 (5th Cir. 1989).

[3] *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003) (quoting *In re Perez*, 954 F.2d 1026, 1027 (5th Cir. 1992)).

[4] *In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015) (en banc).

[5] FED. R. BANKR. P. 2014 (requiring that an application to employ "state . . . all of the person's connections with . . . [the debtor's] attorneys").

they were reasonably likely to benefit the estate.[6]  Among the factors relevant to this determination are "what services a reasonable [professional] would have performed in the same circumstances."[7]  The bankruptcy court found that HP did not perform the services of a reasonable investment banker.  Although the facts are disputed, we are not "left with the definite and firm conviction that a mistake has been committed."[8]

Herrera also failed to disclose certain information pertinent to the application to employ Herrera and HP as Digerati's investment banker. Failure to disclose such information "is sufficient grounds to . . . deny compensation."[9]  Again, though the facts were disputed, we cannot say based on the record before us that denying compensation was an abuse of discretion.

*     *     *

We AFFIRM the judgment of the district court.

---

[6] *See Woerner*, 783 F.3d at 276.

[7] *Id.*

[8] *Dennis*, 330 F.3d at 701 (quoting *In re Perez*, 954 F.2d 1026, 1027 (5th Cir. 1992)).

[9] *In re W. Delta Oil Co., Inc.*, 432 F.3d 347, 355 (5th Cir. 2005) (quoting *In re Crivello*, 134 F.3d 831, 836 (7th Cir. 1998)); *see In re Am. Int'l Ref., Inc.*, 676 F.3d 455, 465-66 (5th Cir. 2012).

3